## W. H. Zorger v. Abe Selicovitz.

1. DEMAND—*when, not essential to maintenance of trover.* Where the original taking of chattel property was tortious, trover lies for its recovery without previous demand for its return.

Action of trover. Error to the Circuit Court of Champaign County; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the November term, 1903. Reversed and remanded. Opinion filed June 28, 1904.

W. E. KING and T. J. SMITH, for plaintiff in error.

RAY, DOBBINS & RILEY, for defendant in error.

MR. JUSTICE GEST delivered the opinion of the court.

Zorger, plaintiff below and here, was the owner of 99 electrotype plates, no two of which were alike, which had been used by him in making a book for instruction upon the violin. He nailed up the plates in a box and placed it in the basement of his house, and in September, 1901, went to Europe and returned in September, 1902. During his absence his house was occupied by Mrs. Hastings, and the plates were left in the basement until taken away by Moses Selicovitz. Carl Bergraff, a young man living with Mrs. Hastings, sold the plates while plaintiff was in Europe to Moses Selicovitz, a junk buyer, for $2.10. The plates were then in the basement in a box and were taken out of the box by Moses and bent and broken and carried away by him and sold to Abe Selicovitz, a junk dealer, in Cham-

paign, where both parties lived. After plaintiff returned from Europe he called on Abe Selicovitz, told him his plates were gone, and asked him if he handled them. Defendant said he had not received them. Bergraff had had no custody or control over the plates and no power or authority whatever to sell them. Plaintiff testified the plates were worth $1,000. Another witness for the plaintiff fixed their value at five hundred to five hundred and twenty-five dollars, and a witness for the defendant put their value at one hundred and twenty to two hundred dollars. For old junk their value was shown to be $6.00. The only witness for the defendant was one who testified only as to the value of the plates. The suit is in trover. The verdict and judgment were for the defendant. Beyond dispute the plaintiff was the owner of the property. It was wrongfully taken from his possession. Moses Selicovitz got no title or right to the property by the alleged sale to him by Bergraff and Abe Selicovitz got none by the sale to him by Moses. Sufficent demand is shown to have been made and sufficient proof is shown of refusal by defendant, if it were necessary to show demand and refusal. Under the facts of the case, the original taking being tortious, no demand was necessary. Under the evidence the plaintiff was entitled to recover at least the value of the plates as old junk, and that is shown to have been $6.00.

Some of the instructions given leave the question as to what constitutes a wrongful taking to the determination of the jury. That is a matter for the court, not the jury. Some are mere abstract propositions of law. Twenty-nine instructions offered by plaintiff were refused. Some were mere abstract propositions; some were proper, some were improper, in form, and some should have been given. Doubtless if another trial is had greater care will be exercised in the matter of the instructions.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*